UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY FRANK WILSON,<br><br>    Petitioner,<br><br>    v.<br><br>SUPERIOR COURT OF CALIFORNIA,<br><br>    Respondent. | Case No.: 1:14-cv-01446-LJO-JLT<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION AND/OR REQUEST FOR ISSUANCE OF A WRIT OF QUO WARRANTO  (Doc. 10) |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

The instant petition was filed on September 12, 2014, challenging proceedings against him in the state court for violations of the California's Vehicle Code. (Doc. 1).  On September 30, 2014, the Court issued an Order to Show Cause why the petition should not be dismissed as completely unexhausted.  (Doc. 4). On October 28, 2014, Petitioner filed a response in which he argued that the only entity with jurisdiction over him was God, but otherwise failing to address exhaustion.  (Doc. 5). On November 10, 2014, the Magistrate Judge entered Findings and Recommendations to dismiss the petition as unexhausted.  (Doc. 6).  Over Petitioner's objections, on December 10, 2014, this Court adopted those Findings and Recommendations, entered judgment against Petitioner, and ordered the file closed.  (Docs. 8; 9).  On February 11, 2015, Petitioner filed the instant motion, which is styled as

1

a request for issuance of a writ of quo warranto, arguing in essence that the state court lacks jurisdiction over Petitioner to prosecute purported violations of the California's Vehicle Code. (Doc. 10).

## DISCUSSION

### A. Writs of Quo Warranto

Petitioner lacks standing to proceed with a request for issuance of a writ of quo warranto in this Court. "Quo warranto is an ancient writ used by the King of England to determine if an individual's claim to an office or franchise is well-founded. If the individual is found to be in unlawful possession of the office, the individual is ousted." Jesinger v. Nev. Fed. Credit Union, 24 F.3d 1127, 1131 (9th Cir.1994) (citations omitted). It is a right of action "inherently in the Government ..." Territory of Neb. v. Lockwood, 70 U.S. 236, 240 (1865). Because "[i]t appears from case law that in federal court, the writ may be sought only by the United States, and not by private individuals," Petitioner does not have standing to bring a writ of quo warranto under federal law and therefore has not asserted a proper basis for federal jurisdiction over his quo warranto claim. Allah v. Robinson, 2007 WL 2220258, at *2 (W.D.Wash. July 31, 2007) (citing Johnson v. Manhattan Ry. Co., 289 U.S. 479, 502 (1933))(emphasis supplied); see also United States v. Machado, 306 F.Supp. 995, 1000 (N.D.Cal.1969); Bhambra v. County of Nevada, 2010 WL 3258836, at *3 (E.D. Cal. Aug. 16, 2010).

Moreover, as mentioned, such writs are properly brought only in connection with proceedings over an individual's right to hold an office or position. Johnson, 289 U.S. at 502; Newman v. Frizell, 238 U.S. 537 (1915); Barany v. Butler, 670 F.2d 726, 735 (7th Cir. 1982); Cizek v. Davis, 2010 WL 5437286, *3 (M.D. Penn. Nov. 29, 2010). Since Petitioner is not challenging the state judges' right to hold their offices as Superior Court judges, but only their statutory and constitutional authority to preside over proceedings brought pursuant to California's Vehicle Code, a writ of quo warrant is inappropriate.

### B. Motion For Reconsideration

Liberally construing Petitioner's motion as a motion for reconsideration pursuant to Rule 60(b), the Court will deny that motion. Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a

party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, Petitioner failed to meet any of the requirements for granting a motion for reconsideration: He has not shown "mistake, inadvertence, surprise, or excusable neglect;" he has not shown the existence of either newly discovered evidence or fraud; he has not established that the judgment is either void or satisfied; and, finally, Petitioner has not presented any other reasons justifying relief from judgment. Moreover, pursuant to the Court's Local Rules, Petitioner has not shown "new or different facts or circumstances claimed to exist *which did not exist or were not shown upon such prior motion*, or what other grounds exist for the motion." Local Rule 230(j). (Emphasis supplied).

Indeed, many of the contentions Petitioner raises in the instant motion are either similar to or identical to the issues raised in the original petition and in his objections to the Magistrate Judge's Findings and Recommendations. In the order adopting the Findings and Recommendations, the Court expressly considered those points and rejected them. (Doc. 8). Moreover, Petitioner does not allege or establish that the contentions contained in the instant motion constitute "newly discovered evidence" under Rule 60(b) that would entitle him to reconsideration or relief from judgment.

In sum, Petitioner has provided no evidence or circumstances that would satisfy any of the requirements of Rule 60(b), and therefore his motion for reconsideration must be denied.

**ORDER**

Accordingly, it is HEREBY ORDERED that Petitioner's motion for writ of quo warranto (Doc. 10), is DENIED.

IT IS SO ORDERED.

Dated:   **February 25, 2015**           **/s/ Lawrence J. O'Neill**
                                          UNITED STATES DISTRICT JUDGE